STATE OF LOUISIANA

VERSUS

DONOVAN HINOJOSA

NO. 22-K-312

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
First Deputy, Clerk of Court

July 28, 2022

Susan Buchholz
First Deputy Clerk

**IN RE** STATE OF LOUISIANA

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DANYELLE M. TAYLOR, DIVISION "O", NUMBER 21-4469

---

Panel composed of Judges Robert A. Chaisson,
Stephen J. Windhorst, and Hans J. Liljeberg

**WRIT GRANTED**

Relator, the State of Louisiana, seeks review of the trial court's June 15, 2022 ruling granting defendant's motion to suppress statement. For the following reasons, we grant this writ application and reverse.

On September 24, 2021, defendant, Donovan Hinojosa, was charged by bill of information with second degree rape, in violation of La. R.S. 14:42.1. On November 3, 2021, defendant filed pre-trial motions, including a motion to suppress statement. A hearing on the motion to suppress statement was held on February 17, 2022.

At the hearing, Detective Biana Robinson of the Jefferson Parish Sheriff's Office testified that she was involved in investigating allegations that defendant raped his sister's best friend. She indicated that defendant was arrested and that she took an audiovisual recorded statement from him on July 28, 2021. Portions of the recording were played in court. Prior to questioning defendant, Detective

Robinson advised him of his *Miranda* rights, which she read from a Rights of Arrestee form. Detective Robinson stated that defendant indicated he understood his rights and waived them. She acknowledged that the Rights of Arrestee form indicated that defendant was arrested for third degree rape, but she did not give him the form to read or sign. Detective Robinson agreed that she told him he was there about a rape but did not explain to defendant whether he would be charged with first, second, or third degree rape.

At the hearing, defendant argued that his statement should be suppressed because he was not fully advised of the reason for his arrest and detention as required by La. Const. art. I, §13. He argued that it was not sufficient that the officer told him he was being questioned "about a rape." He complained that the investigating officer should have informed him that he was a suspect, who the accuser was, and the specific degree of rape he was being charged with. The State responded that the defendant was advised of his *Miranda* rights, indicated he understood and waived them, and voluntarily gave a statement. It argued that the detective's statement that defendant was there "about a rape" was sufficient to comply with La. Const. art. I, §13 and La. C.Cr.P. art. 218.1.

The trial judge found that informing defendant he was being questioned "about a rape" was insufficient to fully advise him of the reason for his arrest or detention. The judge determined that Detective Robinson did not fully advise defendant of the reason for his arrest, because she did not inform him of the specific charge against him or specifically state that he was under arrest, both of which were noted on the form. The trial judge also noted that the detective did not allow defendant to review the form himself or to sign it. The trial judge then granted defendant's motion and suppressed defendant's statement.

On April 18, 2022, the State filed a writ application with this Court seeking review of the trial court's ruling granting suppression of defendant's statement. On

April 20, 2022, this Court granted the writ for the limited purpose of remanding the matter to the trial court to reopen the hearing on defendant's motion to suppress statement to allow him to introduce into evidence the audiovisual recording containing the statements at issue in his motion.  On May 12, 2022, defendant formally offered, filed, and introduced into evidence the recorded statement at a hearing, and it was admitted into evidence.  On June 15, 2022, the trial court again granted defendant's motion to suppress statement.  The State seeks supervisory review of this ruling.

In this writ application, the State argues that the trial court erred by suppressing defendant's statement, because Detective Robinson satisfied the mandates of La. Const. art. I, §13 and La. C.Cr.P. art. 218.1 that defendant be advised fully of the reason for his arrest or detention by informing him that he was being questioned "about a rape."  The State avers that it is undisputed that Detective Robinson advised defendant of his *Miranda* rights and that defendant indicated that he understood his rights and wished to waive them and give a statement.  The State also notes that the District Attorney, not the police, chooses what a defendant is to be charged with and that the police are not in a position to tell a suspect definitively what charges he is facing.  Additionally, the State contends that defendant knew he was under arrest, noting that the video shows defendant being walked into the interrogation room and handcuffed to a chain on the floor, which remained in place during questioning.

Defendant responds that the advisement that they were there "about a rape" was vague and insufficient to satisfy La. Const. art. I, §13.  He notes that he was not "picked up" until sixteen months after the alleged rape and thus, he was not on notice about the incident that was the subject of Detective Robinson's interrogation.  Defendant further argues that the detective agreed that defendant answered her questions in a paranoid manner, which suggested that he was

suffering from some form of mental impairment. Thus, he claims his *Miranda* waiver and subsequent statements were not voluntary under a totality of the circumstances.

In deciding the admissibility of a statement, the trial judge must consider the totality of the circumstances. *State v. Taylor*, 99-1154 (La. App. 5 Cir. 2/29/00), 757 So.2d 63, 67, *writ denied*, 00-1021 (La. 3/30/01), 788 So.2d 441. The State has the burden of proving the admissibility of a purported confession or statement by the defendant. La. C.Cr.P. art. 703(D); *State v. Arias-Chavarria*, 10-116 (La. App. 5 Cir. 9/28/10), 49 So.3d 426, 433, *writ denied*, 10-2432 (La. 2/25/11), 58 So.3d 460. Trial courts are vested with great discretion when ruling on a motion to suppress. *State v. Smith*, 11-638 (La. App. 5 Cir. 3/13/12), 90 So.3d 1114, 1120. Thus, the ruling of a trial judge on a motion to suppress will not be disturbed absent an abuse of that discretion. *Id.*

Before an inculpatory statement made during a custodial interrogation may be introduced into evidence, the State must prove, beyond a reasonable doubt, that the defendant was first advised of his *Miranda* rights, that he voluntarily and intelligently waived them, and that the statement was made freely and voluntarily and not under the influence of fear, intimidation, menaces, threats, inducements, or promises. *State v. Loeb*, 09-341 (La. App. 5 Cir. 2/23/10), 34 So.3d 917, 924-25, *writ denied*, 10-681 (La. 10/15/10), 45 So.3d 1110. A determination of voluntariness is made on a case-by-case basis, depending on the totality of the facts and circumstances of each situation. *Arias-Chavarria*, 49 So.3d at 433.

Both La. Const. art. 1, §13 and La. C.Cr.P. art. 218.1 provide:

When any person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of the reason for his arrest or detention, his right to remain silent, his right against self incrimination, his right to the assistance of counsel and, if indigent, his right to court appointed counsel.

There is no requirement that a defendant be read the technical definition of a crime in order to be fully advised of the reason for his arrest or detention. *State v. Jackson,* 27,855 (La. App. 2 Cir. 4/03/96), 672 So.2d 215, 221, *writ denied,* 96-1386 (La. 11/01/96), 681 So.2d 1258, *cert. denied,* 520 U.S. 1252, 117 S.Ct. 2409, 138 L.Ed.2d 175 (1997); *State v. Scott,* 42,997 (La. App. 2 Cir. 2/13/08), 975 So.2d 782, 787 n.4; *State v. Jenkins,* 12-4 (La. App. 1 Cir. 6/8/12), 2012 WL 2061514.

In *State v. Brown,* 18-1999 (La. 9/30/21), 330 So.3d 199, 248-49, *cert. denied,* -- U.S. --, 142 S.Ct. 1702, 212 L.Ed.2d 596 (2002), the defendant argued that the statements in which he asked detectives if he needed a lawyer were inadmissible, because they were made after law enforcement failed to inform him of the true nature of the investigation. The defendant asserted that telling him they were investigating "a fire with some deaths" was a "far cry" from informing him that they were investigating an arson and triple homicide. *Brown,* 330 So.3d at 248. The Louisiana Supreme Court noted that when ruling on the motion to suppress, the trial court found that the officers fulfilled their duty in advising the defendant of the reason for his detention, even if the reason may not have been "artfully stated," especially when they clarified that they were investigating a fire and the deaths of three people. *Id.* at 249. The trial court found that no misrepresentation occurred as the officers were not required to tell the defendant that they suspected him of murder. The Supreme Court found that the trial court's ruling was correct, noting that the police are afforded some degree of trickery during an interrogation, and the failure of law enforcement to specify that the deaths were being treated as homicides did not render his statements invalid. *Id.*

In *State v. Glynn,* 94-332 (La. App. 1 Cir. 4/7/95), 653 So.2d 1288, *writ denied,* 95-1153 (La. 10/6/95), 661 So.2d 464, the defendant argued that the trial court erred in denying his motion to suppress his oral confession based on four

arguments, including an assertion that the detective failed to inform the defendant of the charges pending against him. The appellate court stated that there was no doubt that the detective gave ambiguous responses on the subject of whether or not the defendant was advised of the reason for his detention. The court noted that when the detective first saw the defendant at his residence, he referred to "an incident that happened to a lady across the street," and he asked the defendant to account for "his whereabouts during the night." When the detective returned to the defendant's residence and asked him to come to the sheriff's office, he apparently told the defendant that he was investigating "some crimes." *Glynn*, 653 So.2d at 1303. The court noted that at some point, the defendant's wife was informed that a burglary was being investigated. The court provided that the detective admitted that he did not inform the defendant that they were investigating a rape during the first period of questioning at the sheriff's office, but he believed the defendant was informed of the alleged rape during the second interrogation period. The appellate court found that considering the detective's responses as a whole, assuming the defendant was "detained" for purposes of Article 218.1, he was sufficiently advised of the reason for his detention and questioning. *Id.*

In the present case, defendant argues that *Brown*, *supra*, and *Glynn*, *supra*, are distinguishable because the questioning in those cases occurred soon after the offenses were committed, whereas defendant in the present case was not questioned until almost sixteen months after the alleged rape. He contends that the lapse of time "militates against the inference that Mr. Hinojosa knew of the reason for his arrest." However, the recording reflects that when Detective Robinson advised defendant that they were there "about a rape," defendant appeared to know not only that there was a rape allegation against him, but also who the alleged victim was, as he provided a name.

Considering the totality of the circumstances, we find that defendant was sufficiently advised of the reasons for his arrest or detention to comply with La. Const. art. I, §13 and La. C.Cr.P. art. 218.1, and that his statement was voluntary. The recording of the statement reflects that defendant was handcuffed to a chain on the floor during the entirety of his statement, indicating he knew he was under arrest. Defendant was advised of his *Miranda* rights, stated he understood them, and chose to speak to the detective. The recording shows that Detective Robinson told defendant they were there about a rape. While defendant suggests that the detective's statement that they were there about a rape was inadequate, the failure of the detective to specify that the rape was being investigated as a third degree rape or that he was arrested for that specific charge did not render his statement involuntary.

For those foregoing reasons, we find that the trial court abused its discretion in suppressing defendant's statement. Accordingly, we grant the State's writ application and reverse the trial court's ruling.

Gretna, Louisiana, this 28th day of July, 2022.

**HJL**
**RAC**
**SJW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **07/28/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-K-312**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Danyelle M. Taylor (DISTRICT JUDGE)
Zachary Orjuela (Respondent)           Thomas J. Butler (Relator)
                                       Darren A. Allemand (Relator)

### MAILED
Andrew J. Duffy (Respondent)           Honorable Paul D. Connick, Jr. (Relator)
Attorney at Law                        District Attorney
848 2nd Street                         Twenty-Fourth Judicial District
3rd Floor                              200 Derbigny Street
Gretna, LA 70053                       Gretna, LA 70053